the subject of *Gorman-Anderson Corp. and Sintered Carbide Corp.* v. *United States* (34 Cust. Ct. 35, C. D. 1674), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, JUNE 7, 1956

**No. 60014.**—Glencourt Importing Company, Division of Salem Commodities, Inc. *v.* United States, protest 274976–K (Baltimore).

Opinion by EKWALL, J. In accordance with rule 5 (a) of the rules of this court, the protest was dismissed for lack of prosecution.

**No. 60015.**—The National Sugar Refining Company *v.* United States, protest 258230–K (New York).

JOHNSON, Judge. This is a protest against the collector's assessment of duty on cane sugar imported from Cuba at 0.5110925 cents per pound under paragraph 501 of the Tariff Act of 1930 [as modified by the exclusive trade agreement with Cuba, T. D. 51819]. The classification and rate are not in question, but it is claimed that duty was assessed on too great a weight of merchandise.

The protest herein, in the name of The National Sugar Refining Company, was signed by Thomas S. Coyle, attorney. The collector's memorandum states that he did not review the protest, because of the lack of a power of attorney authorizing Thomas S. Coyle to file the same.

At the trial, Harry Letzler, assistant treasurer and office manager of the plaintiff company, testified that he is responsible for the financial and accounting operations of the firm, including the payment of duties on shipments from abroad. He stated that Thomas Coyle has been handling customs matters for the firm for about 13 years; that power to sign and file protests had been vested in him by the officers of the company; and that he had that power at the time this protest was filed.

On the merits, counsel for the plaintiff introduced into evidence from the official files customs Form 6067–A, a summary sheet on raw sugar, showing the weights of the involved merchandise (plaintiff's exhibit 1).

At the conclusion of the trial, counsel for the Government stated:

In view of the fact that the plaintiff has now proven the power of Mr. Coyle to file a protest and we now have before the Court the official weights found by the Government, Government counsel recommends that allowance be made in accordance with the weights now found on Plaintiff's Exhibit #1.

Plaintiff's exhibit 1 shows the net total weights of the sugar found by the public weigher, the customs total determined by the use of a conversion factor, the tare, and the dutiable quantities, which consist of the customs totals, less the tare. The latter quantities add up to 10,363,069 pounds, the amount claimed by plaintiff to be correct.

On the record presented, we hold that the merchandise is properly dutiable at the appropriate rate under paragraph 501 of the Tariff Act of 1930, as modified, on the basis of a net weight of 10,363,069 pounds.

The protest is sustained, and judgment will be rendered directing the collector to reliquidate the entry and make refund accordingly.

**No. 60016.**—F. W. Myers & Co., Inc. *v.* United States, protests 170150–K, 172432–K, and 176732–K (Ogdensburg).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 60017.**—A. N. Deringer, Inc., et al. *v.* United States, protests 170865–K, etc. (Ogdensburg).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 60018.**—A. N. Deringer, Inc., et al. *v.* United States, protests 173112–K, etc. (Ogdensburg).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef or veal similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 60019.**—F. C. Mackay et al. *v.* United States, protests 174467–K, etc. (Pembina).

Opinion by DONLON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No 60020.**—F. C. Mackay et al. *v.* United States, protests 176453–K, etc. (Pembina).